UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | | |
|---|---|---|
| CRAIG KENNEDY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 08-CV-462-KKC |
| | ) | |
| vs. | ) | |
| | ) | |
| LEXINGTON FEDERAL MEDICAL CENTER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\***

On November 12, 2008, the Court received a handwritten letter from Craig Kennedy ("Kennedy"), an individual incarcerated at the Federal Medical Center in Lexington, Kentucky. For administrative purposes, the Clerk of the Court docketed the letter as a civil action. [R. 2] In his letter, Kennedy indicated that the Federal Bureau of Prisons ("BOP") was investigating whether Kennedy possessed a cell phone in violation of prison rules. He indicated that he had been held in the Special Housing Unit ("SHU") for an extended period of time, and that his extended detention and the investigation violated his constitutional rights. Kennedy did not challenge the validity of these charges or request for any particular form of relief.

On November 19, 2008, the Court entered an Order directing Kennedy to complete and file an appropriate form document to initiate either a civil rights action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), or a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Order further directed Kennedy to either pay the appropriate filing fee or file a motion to pay that fee in installments. Finally, the Order advised

Kennedy that either type of action required him to exhaust his administrative remedies within the BOP prior to filing. The Clerk of the Court provided Kennedy with form documents appropriate to comply with the Order. [R. 3]

Kennedy did none of the things required by the Order. Instead, he filed a three-page handwritten letter, which he described as a petition for writ of habeas corpus, in which he further described the nature of his claims related to the pending prison proceedings. [R. 4] Kennedy's letter failed to include most of the pertinent information requested in the form habeas corpus petition provided by the Clerk of the Court. Kennedy did not pay the filing fee, file a motion to proceed *in forma pauperis*, or file documentation demonstrating his exhaustion of administrative remedies.

On December 2, 2008, the Court entered an Order directing Kennedy to remedy both of these deficiencies within 20 days. The Order specifically advised Kennedy that the Court would deny the petition if he failed to provide the Court with documentation demonstrating exhaustion of his administrative remedies. [R. 5] On December 8, 2008, the Clerk of the Court received payment for the $5 filing fee. However, Kennedy has failed to file documents into the record which demonstrate that he exhausted his administrative remedies with respect to his claims as required by the Court's December 2, 2008 Order. Accordingly, the Court will deny the petition without prejudice for failure to demonstrate exhaustion of administrative remedies. *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999).

Accordingly, **IT IS ORDERED** that:

1. Kennedy's petition for writ of habeas corpus [R. 2, 4] is **DENIED WITHOUT**

**PREJUDICE.**

2. This is a **FINAL AND APPEALABLE ORDER**.

3. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated this 5th day of January, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

3